UNPUBLISHED

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 07-4039

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ROBERT HURTE, II,

Defendant - Appellant.

Appeal from the United States District Court for the Southern
District of West Virginia, at Beckley.  Thomas E. Johnston,
District Judge. (5:06-cr-00124)

Submitted: July 25, 2007          Decided: August 13, 2007

Before WILKINSON, NIEMEYER, and MOTZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Mary Lou Newberger, Federal Public Defender, Jonathan D. Byrne,
Appellate Counsel, Edward H. Weis, Assistant Federal Public
Defender, Charleston, West Virginia, for Appellant.  Charles T.
Miller, United States Attorney, John L. File, Assistant United
States Attorney, Beckley, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Robert Hurte, II, appeals a 180-month sentence imposed upon him following his guilty plea to one count of distribution of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) (2000), and one count of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) (2000). On appeal, Hurte argues that the sentence is unreasonable because it is greater than necessary to reflect the seriousness of the crime, to promote respect for the law, to promote adequate deterrence and to provide just punishment. Hurte further argues that his classification as a career offender overstates both the seriousness of his offenses and his criminal history. After thoroughly reviewing the record, we affirm.

After United States v. Booker, 543 U.S. 220 (2005), a district court is no longer bound by the range prescribed by the sentencing guidelines. United States v. Hughes, 401 F.3d 540, 546-47 (4th Cir. 2005). A court must initially calculate the appropriate Guidelines range, making any appropriate factual findings. United States v. Davenport, 445 F.3d 366, 370 (4th Cir. 2006). The court then considers the resulting advisory Guidelines range in conjunction with the factors under 18 U.S.C. § 3553(a) (West 2000 & Supp. 2007), and determines an appropriate sentence. Davenport, 445 F.3d at 370. This Court will affirm a post-Booker sentence if it is within the statutorily prescribed range and is

reasonable. <u>Hughes</u>, 401 F.3d at 546-47. A sentence within the proper advisory Guidelines range is presumptively reasonable. <u>United States v. Green</u>, 436 F.3d 449, 457 (4th Cir.), <u>cert. denied</u>, 126 S. Ct. 2309 (2006); <u>see also</u> <u>Rita v. United States</u>, 127 S. Ct. 2456, 2462 (2007)("Court of Appeals may apply a presumption of reasonableness to a district court sentence that reflects a proper application of the Sentencing Guidelines.").

Hurte did not object to the applicable calculation of his advisory guideline range. The offense level was based on conduct he pled guilty to, and did not involve judicial fact-finding. The district court's sentence was within the guideline range and is thus presumptively reasonable. <u>Green</u>, 436 F.3d at 457.

Hurte has not overcome the presumption of reasonableness. One of Hurte's predicate offenses for the career offender determination was an aggravated robbery. Hurte committed this offense by breaking into a residence, along with two co-conspirators, while wearing a ski-mask and possessing a firearm. The three perpetrators ordered the victim to give them money at gunpoint. The second offense, which occurred nine months before the aggravated robbery, involved Hurte's purchase of two pounds of marijuana from an undercover police officer. The state court imposed a ten-year suspended sentence for the aggravated robbery offense and a five-year suspended sentence for the controlled substance offense, to run concurrently. In spite of this lenient

treatment, Hurte committed the offenses in this case. Under these circumstances, we find the sentence reasonable.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

- 4 -